IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS D. THOMPSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-581 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| WYRKS TOOL & MACHINE LTD., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendant Kitcam Investments, Ltd.'s Motion to Dismiss (Doc. 12) be denied, and that Defendant Wyrks Tool & Machine Ltd.'s Motion to Dismiss (Doc. 15) be denied without prejudice.

### II. REPORT

**BACKGROUND**

Plaintiff Louis D. Thompson has brought this action in diversity, asserting product liability claims based on injuries suffered through his use of "a KNA-1200 undercut saw" ("the Saw"). *See generally* Am. Compl. (Doc. 8) at ¶¶ 5-8. Plaintiff, a Pennsylvania resident, was injured through the course of his employment with Wilson Forest Products, Inc. ("Wilson"), a company with a principal place of business in Pennsylvania. *See id.* at ¶¶ 1, 5.[1]

---

[1] Also joined as a Plaintiff is Mr. Thompson's Wife, Heidi L. Thompson. *See* Am. Compl. at ¶ 1; *see also id.* at ¶¶ 32-33 (stating loss of consortium claims). For the purposes of this Report and Recommendation, the undersigned will refer to Mr. and Mrs. Thompson collectively as "Plaintiff."

Defendant Kitcam, a Canadian company, manufactured the Saw and sold it to Plaintiff's employer. *See id.* at ¶ 4; *see also* Def. Kitcam's Br. (Doc. 13) at 4 (essentially admitting same). Kitcam's counsel describes the transaction as follows:

> In October 1995, . . . a representative of Wilson . . . telephoned Kitcam, in Canada, to inquire about purchasing the [S]aw. . . . In response to . . . Wilson's inquiry, Kitcam sent two . . . facsimiles to . . . Wilson in October and December 1995. . . . In November 1995, Kitcam did sell and ship the [S]aw to Wilson . . . .[, and it] ship[ped] spare parts [to Wilson] on two occasions in 1996.

*Id.* at 4, 11 (citation to record evidence omitted).

Defendant Wyrks, also a Canadian company, purchased the physical assets of Kitcam in November 2001. *See* Def. Wyrks's Br. (Doc. 16) at 14 (citing record evidence). Wyrks maintains that, pursuant to the purchase agreement, Wyrks did not assume liability for Kitcam's existing products, including the Saw. *See id.* (citing "General Conveyance Agreement").

Defendants argue that this Court lacks personal jurisdiction over them. *See generally* Defs.' Mots. Defense counsel also asserts that Plaintiff otherwise has failed to state claims against Wyrks upon which relief may be granted.

**ANALYSIS**

    **A.**    **Defendant Kitcam Has Failed to Demonstrate a Lack of Personal Jurisdiction.**

Federal Rule 4(e) authorizes personal jurisdiction over non-residents to the extent permissible under the law of the state where the district court sits. Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998) (citations and internal quotations omitted). Pennsylvania's long-arm statute permits the exercise of personal jurisdiction "to the

constitutional limits of the [D]ue [P]rocess [C]lause," so this Court's exercise of personal jurisdiction is valid as long as it is constitutional. *Id.* (citations internal quotations omitted). Plaintiff does not assert that Defendants are subject to general jurisdiction, so the Court may restrict its discussions to specific jurisdiction. *See id.* at 200-201 (holding same).

Specific jurisdiction exists where the plaintiff's claim "is related to or arises out of the defendant's contacts with the forum." *Id.* at 201 (citation and internal quotations omitted). In examining specific jurisdiction:

> [A] court generally applies two standards, the first mandatory and the second discretionary. . . .
>
> First, [the] court must determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have reasonably anticipate[d] being haled into court there. . . .
>
> Second, assuming minimum contacts have been established, [the] court may inquire whether the assertion of personal jurisdiction would comport with fair play and substantial justice. Although the latter standard need only be applied at [the] court's discretion, . . . [the Court of Appeals for the Third Circuit] generally [has] chosen to engage in this second . . . analysis . . . .

*Id.* (citations and internal quotations omitted).

Regarding the first prong, minimum contacts are established under Kitcam's own facts. Defendant admits that it sent two facsimiles regarding the Saw to Wilson in Pennsylvania, and Defendant sold and shipped the Saw to Wilson in Pennsylvania. *See* discussion *supra*. These contacts are directly related to Plaintiff's injury, and they created a reasonable expectation that Kitcam could be haled into court in Pennsylvania. *See, e.g.*, Gourmet Video, Inc. v. Alpha Blue Archives, Inc., 2008 WL 4755350, *6 (D. N.J. Oct. 29, 2008) ("[i]n a minimum contacts analysis, [it is] the nature and quality, not the quantity, of the contacts [that] are important") (citations omitted); Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v.

Knowles, 87 F.3d 413, 419 (10th Cir. 1996) ("[e]ven a single purposeful contact may be sufficient to meet the minimum contacts standard when the underlying proceeding is directly related to that contact") (citation omitted); *and* Chanel, Inc. v. Guetae, 2009 WL 1653137, *4 (D. N.J. Jun. 8, 2009) ("[a] defendant purposefully avails itself of the forum state where the defendant conducts business with the forum state's residents and knowingly ships its products to the forum state"); *see also* Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006) ("physical presence in the forum is no longer determinative in light of modern commercial business arrangements; rather, mail and wire [contacts] can constitute purposeful contacts when sent into the forum") (citation omitted).[2]

The undersigned sees little benefit to analogizing this case to the ones cited by Plaintiff, or distinguishing it from the ones cited by Defendants. Given the legal standards referenced above, Kitcam had sufficient contacts with Pennsylvania for the purposes of personal jurisdiction.

Turning to the second prong, "[t]he existence of minimum contacts makes jurisdiction presumptively constitutional, and the defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 324 (3d Cir. 2007) (citations and internal quotations omitted). "The burden on a [defendant attempting] to show an absence of fairness or lack of substantial justice is heavy," *id.*, and Kitcam cannot carry it here.

Among other things, the Court considers: (1) the burden on Defendant; (2) the forum state's interest in adjudicating the dispute; (3) Plaintiff's interest in obtaining convenient and

---

[2] Although there is no suggestion that the "spare parts" Kitcam sent to Wilson on two occasions in 1996 contributed to Plaintiff's accident, these additional contacts further support the Court's exercise of personal jurisdiction. *See* Chanel, cited *supra*.

4

effective relief; (4) the interest in obtaining the most efficient resolution of controversies; and (5) the procedural and substantive interests of other nations. *See id.* (citations omitted).

Plaintiff obviously believes that litigating here will permit him "convenient and effective relief," and Pennsylvania has an interest in providing legal remedies to its citizens harmed by allegedly defective products. Defendant has failed to show that Canada's substantive interests are to the contrary, and Kitcam is left only with its objections regarding the burden of litigating in Pennsylvania. *Cf.* Def. Kitcam's Br. at 11-12.

Any inconvenience to Kitcam notwithstanding, "this is not one of those rare and compelling cases where jurisdiction would be unreasonable despite the presence of minimum contacts." *See* O'Connor, 496 F.3d at 325 (internal quotations omitted). Kitcam's Motion to Dismiss, therefore, should be denied.

### B.   Plaintiff Is Entitled to Jurisdictional Discovery Regarding Defendant Wyrks.

"Under Pennsylvania law, the acts of a predecessor corporation may be attributed to its successor for purposes of determining whether personal jurisdiction over the successor is proper. Thus, *in personam* jurisdiction is established if the successor corporation may be held liable under the Commonwealth's law of successor liability." Umac, Inc. v. Aqua-Gas AVK Ltd., 2005 WL 742497, *3 (E.D. Pa. Mar. 30, 2005) (citations and internal quotations and alterations omitted).[3]

Although Wyrks denies that it assumed Kitcam's liabilities, Plaintiff's counsel has identified colorable bases for claiming the contrary. *See, e.g.,* Pls.' Opp'n Br. at 4-7 (analyzing

---

[3] Pennsylvania law controls whether Wyrks may be held liable as a successor to Kitcam. *Compare* Pls.' Opp'n Br. (Doc. 20) at 3-7 (citing and relying on Pennsylvania law) *with* Def. Wyrks's Reply Br. (Doc. 24) at 2 (same); *see also* discussion *supra* (district court may exercise personal jurisdiction over non-residents to extent permissible under law of state in which it sits).

Pennsylvania law regarding successor liability, and stating Plaintiff's belief that Kitcam and Wyrks were "*de facto* the same").  Plaintiff has requested jurisdictional discovery, moreover (*see id.* at 13-14), and the Court should grant this request unless Plaintiff's claim is "clearly frivolous."  Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009) (citations omitted); *see also id.* ("jurisdictional discovery [is] particularly appropriate where the defendant is a corporation").  Although Wyrks argues in its reply brief that Plaintiff has asserted only what he "believes" the evidence "may establish," it is hardly fair to demand more in the absence of discovery.  *Compare* Def. Wyrks's Reply Br. at 3 *with* discussion immediately *supra*.

Plaintiff's theories of successor liability are not "clearly frivolous," and Wyrks's jurisdictional challenge should be denied without prejudice until after Plaintiff takes discovery.[4]

### C. Wyrks Has Not Independently Established that Plaintiff Has Failed to State a Claim Upon Which Relief May Be Granted.

At the close of Wyrks's supporting brief, its counsel suggests that Plaintiff's claims are deficient because the pleadings contain only "bald assertions" that Wyrks "shipped and/or manufactured saws, including the subject [S]aw."  Def. Wyrks's Br. at 14.  Defendant cites evidence, outside the pleadings, that "it would have been impossible for Wyrks to sell the [S]aw in November 1995 because Wyrks did not come into existence until November 2001."  *See id.*

Essentially, Wyrks's purported independent ground for dismissal relies on the same evidence presented in connection with its jurisdictional arguments.  Under Federal Rules 12(d) and 12(b)(6), the Court cannot consider matters outside the pleadings without first converting

---

[4] Should Plaintiff prove successor liability, the jurisdictional analysis ends because Wyrks effectively "stand[s] in the shoes" of Kitcam.  *See* Simmers v. American Cyanamid Corp., 576 A.2d 376, 385 n.11 (Pa. Super. 1990) (citations omitted).

6

Defendant's Motion to one for summary judgment.  <u>Rosenau v. Unifund Corp.</u>, 539 F.3d 218, 225 (3d Cir. 2008).  Wyrks has not requested such a conversion, and, even if it did, the request should be denied given the determination that jurisdictional discovery is appropriate.[5]

**<u>CONCLUSION</u>**

For all of the reasons stated above, Defendant Kitcam's Motion to Dismiss (Doc. 12) should be denied, and Defendant Wyrks's Motion to Dismiss (Doc. 15) should be denied without prejudice.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1) (B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 27, 2009.  Responses to objections are due by December 11, 2009.


November 13, 2009                                           s/Cathy Bissoon
                                                                            Cathy Bissoon
                                                                            United States Magistrate Judge

cc (via email):

All Counsel of Record

---

[5] At a Case Management Conference held on November 5, 2009, the undersigned advised that, should jurisdictional discovery be deemed appropriate, the Court would not enter a separate deadline regarding the same.  Rather, counsel were directed to address remaining jurisdictional issues during the preliminary stages of discovery.  In light of the recommendations herein, the parties are expected to move jurisdictional discovery regarding Wyrks to the fore, and, should Wyrks determine that good grounds exist for requesting summary judgment based on lack of personal jurisdiction, the Court will entertain such a motion.