**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LOUIS D. THOMPSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-581 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| WYRKS TOOL & MACHINE LTD., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

On September 4, 2009, this case was referred to United States Magistrate Judge

Cathy Bissoon for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.

§§ 636(b)(l)(A) and (B), and Rules 72.C and 72.D of the Local Rules for Magistrates.

On November 13, 2009, the magistrate judge issued a Report (Doc. 32) recommending

that Defendant Kitcam Investments, Ltd.'s ("Kitcam's") Motion to Dismiss (Doc. 12) be denied,

and that Defendant Wyrks Tool & Machine Ltd.'s Motion to Dismiss (Doc. 15) be denied

without prejudice.

Service of the Report and Recommendation was made on the parties, and Defendants

filed Objections on November 24, 2009.  *See* Docs. 33 & 34.

In its Objections, Kitcam alleges that "newly discovered evidence," contained within its

own records, establishes that Kitcam's prior sworn statement regarding its shipment of the Saw

into Pennsylvania was erroneous.  *See* Kitcam's Objs. (Doc. 33) at 1-2; *compare* Kitcam's Br.

(Doc. 13) at 4 ("Kitcam did sell and ship the [S]aw to [Plaintiff's employer]" in Pennsylvania)

with Kitcam's Objs. at 3-4 (now claiming that "the [S]aw remained at Kitcam's facility in

[Canada] until [Plaintiff's employer] or its representative came to Kitcam's facility to pick up and ship the [S]aw to Pennsylvania").

At this stage in the proceedings, Plaintiff is required only to establish a *prima facie* case of personal jurisdiction.  *See* <u>Metcalfe v. Renaissance Marine, Inc.</u>, 566 F.3d 324, 330-31 (3d Cir. 2009) (recognizing same).  Given the contradictions in Kitcam's own evidence, Defendants cannot demonstrate their entitlement to dismissal under Federal Rule 12(b). *Id.* at 330 ("in deciding a motion to dismiss for lack of jurisdiction, a court is required . . . to construe disputed facts in favor of the plaintiff") (citation to quoted source omitted). Should discovery reveal colorable bases for revisiting the jurisdictional issue, the Court will do so as it deems appropriate.  *See id.* at 336 (plaintiff "eventually [must] establish jurisdiction by a preponderance of the evidence," and "it remains within the [court's] province to [later] weigh the evidence in support of jurisdiction and, after doing so, revisit the jurisdictional issue") (citation omitted).

Thus, after a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

AND NOW, on this 17th day of December, 2009, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (**Docs. 12 & 15**) are **DENIED WITHOUT PREJUDICE**.

The Report and Recommendation dated November 13, 2009 is adopted as the opinion of the District Court, as supplemented herein.

         s/ Terrence F. McVerry           
         Terrence F. McVerry

cc (via email):                 United States District Judge

All Counsel of Record