IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS D. THOMPSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-581 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| WYRKS TOOL & MACHINE LTD., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is the APPEAL AND OBJECTIONS TO MAGISTRATE JUDGE ORDER OF JUNE 18, 2010 PURSUANT TO RULE 72(a) OF F.R.C.P. (Document No. 46) filed by counsel for Defendants, Eckert Seamans Cherin & Mellott, LLC ("ESCM"). The Appeal challenges an Order that schedules a telephonic conference on June 24, 2010 with counsel and Defendants. Given the exigent circumstances, neither Plaintiffs nor Defendants have been ordered to respond.

ESCM seeks to withdraw from its representation of Defendants due to their failure to pay the outstanding amount(s) owed for legal fees. On June 17, 2010, ESCM filed a motion to withdraw. The same day, Magistrate Judge Bissoon denied the motion, without prejudice, for failure to provide an explanation for the request to withdraw. ESCM then filed an amended motion with a supporting affidavit which set forth the relevant background facts. On June 18, 2010, Magistrate Judge Bissoon entered a Text Order which states, in relevant part:

> A telephonic conference is set for 6/24/10 at 3:00 p.m. and Defense counsel shall initiate the call. Plaintiff's counsel shall participate, as well as representatives of the Defendant-corporations with binding authority. As noted in the Court's Order

> dated 6/17/10, Defendants cannot proceed in Federal Court without legal
> representation. Thus, Defendants' representatives should be prepared to discuss:
> the prompt payment of, or entry into a mutually acceptable payment plan with,
> Defense counsel; the timely entry of appearance of substitute counsel on
> Defendants' behalf; and/or the potential entry of judgment in favor of Plaintiffs in
> the event that Defendants prove unable or unwilling to secure appropriate legal
> representation.

This Appeal followed.

ESCM articulates several concerns: (1) that the Magistrate Judge has scheduled a "hearing"; (2) that Plaintiff's counsel will participate; (3) that the Order would cause a violation of the attorney-client privilege; (4) that the Magistrate Judge does not have jurisdiction to hear fee disputes; (5) that because ESCM is adverse to Defendants regarding the fee dispute, and assertedly, has terminated its representation, it cannot discuss the topics itemized in the Order; (6) that the Order is contrary to the Pennsylvania Rule of Professional Conduct 1.16; and (7) that the Order is contrary to the process established in *Buschmeier v. G&G Investments, Inc.*, 222 Fed. Appx. 160, 2007 WL 186528 (3d Cir. 2007) (unpublished). In essence, ESCM requests that it be permitted to withdraw as counsel and not be required to participate in any discussion regarding substitute counsel or the entry of judgment against Defendants. In the alternative, ESCM requests that the "hearing" be conducted without Plaintiff's counsel. The Court will address these concerns seriatim.

As an initial matter, it appears that ESCM misconceives its current status. It has entered an appearance on behalf of Defendants in this case, and the Court has not, at this juncture, granted its motion to withdraw as counsel. *See* Pa. R. Prof. Conduct 1.16(c) ("A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation

notwithstanding good cause for terminating the representation."); LCvR 83.2(C)(4) (attorney may withdraw appearance "only with leave of Court"). Even assuming, arguendo, that ESCM has compelling grounds for terminating its attorney-client relationship with Defendants, it remains counsel of record in this case unless, and until, it obtains the Court's authority to formally withdraw. ESCM's position, while uncomfortable, is inherent in virtually every situation in which counsel seeks to withdraw.

Some of ESCM's concerns about the upcoming "hearing" appear to be excessive. Although the June 18 Order was filed under the event "Order Setting Hearing" from the Court's computerized filing menu, it is clear from the text that the Magistrate Judge has merely set up a "telephonic conference" to discuss ESCM's motion and Defendants' current and future status. Similarly, there is no indication that any attorney-client privileged communications will be sought or divulged during the telephone conference. ESCM has already described the circumstances of the alleged non-payment of legal fees and expenses in its public filings in this case. If an attorney-client privilege is implicated, ESCM and/or Defendants will be entitled to assert it at that time, and Magistrate Judge Bissoon will respect and/or determine its applicability. If there are matters that should be discussed outside the presence of Plaintiff's counsel (as appears likely), that too may be applicable and addressed by the Magistrate Judge. The Magistrate Judge has not asserted jurisdiction to rule on the parties' fee dispute, if the services and amounts are indeed disputed. In sum, this Court has every confidence in Magistrate Judge Bissoon's professionalism and competence to conduct the scheduled telephonic conference.

The Court turns now to the applicable legal analysis. In *Buschmeier*, the Court of Appeals recognized the general rule that corporations must be represented in court through

counsel. 222 Fed. Appx. at 162. However, the Court noted that there is "play in the joints" and that courts may permit withdrawal of counsel and then inform the corporation that it may not proceed without retaining new counsel. *Id.* at 163. Of course, if the corporation does not obtain replacement counsel, it faces the potential entry of sanctions, including an adverse judgment. The *Buschmeier* Court explained that the proper withdrawal calculus requires a three-part test: (1) the burden imposed on withdrawing counsel; (2) the stage of the proceeding; and (3) the potential prejudice to all parties. *Id.* at 164. In that context, it is entirely appropriate – if not necessary – for Magistrate Judge Bissoon to solicit input from not only movants and Defendants, but also Plaintiff's counsel as to the respective burden(s), if any, of ESCM's requested withdrawal before ruling on the pending motion. The Court finds that the June 18, 2010 Order of Magistrate Judge Bissoon is neither clearly erroneous nor contrary to law.

In accordance with the foregoing, the APPEAL AND OBJECTIONS TO MAGISTRATE JUDGE ORDER OF JUNE 18, 2010 PURSUANT TO RULE 72(a) OF F.R.C.P. (Document No. 46) filed by counsel for Defendants, Eckert Seamans Cherin & Mellott, LLC is **DENIED**.

SO ORDERED this 22nd day of June, 2010.

    s/ Terrence F. McVerry
    United States District Judge

cc:

Magistrate Judge Bissoon
All Counsel of Record
Defense counsel to Immediately Provide a copy of this Order to Defendants