# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS D. THOMPSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-581 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| WYRKS TOOL & MACHINE LTD., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

For the reasons that follow, Plaintiffs' Motion for entry of default judgment (Doc. 53) will be granted.

On June 18, 2010, Magistrate Judge Cathy Bissoon entered an Order scheduling a Conference to discuss former defense counsel's request to withdraw their appearance. *See* text Order dated Jun. 18, 2010. In advance of the Conference, the Court advised the Defendant-corporations that they could not appear in federal court without licensed legal counsel. *See* text Order dated Jun. 17, 2010; *see also* Jun. 18th text Order (at conference, Defendants' corporate representatives would be called upon to discuss "the timely entry of appearance of substitute counsel on Defendants' behalf," or, alternatively, "entry of judgment in favor of Plaintiffs in the event that Defendants [were] unable . . . to secure appropriate legal representation"), *aff'd on appeal to Dist. Ct.* by Mem. Order dated Jun. 22, 2010 (Doc. 46).

Judge Bissoon held the Conference on June 24, 2010, and, thereafter, she placed on the record Conference Minutes indicating that: "Defendants ha[d] been made aware of the consequences of [their counsel's] withdrawal"; "Defendants indicate[d] that they ha[d] no

intention of securing alternative counsel"; and that, in any event, Defendants had until July 2, 2010 to secure the appearance of substitute counsel. *See* Min. Entry for Conf. on Jun. 24, 2010 (Doc. 49). July 2nd has come and gone, and no counsel have entered an appearance on behalf of Defendants.

As the Court already has determined, corporations may not proceed in federal court "*pro se*." *See* discussion *supra*; *see also* Evanston Ins. Co. v. Layne Thomas Builders, Inc., 2010 WL 1213433, *2 (D. Del. Mar. 26, 2010) (holding same, citation omitted); Star Pacific Corp. v. Star Atlantic Corp., 2009 WL 3380608, *2 (D. N.J. Oct. 20, 2009) (same). Where corporate defendants, having been so advised, fail to timely secure the entry of licensed counsel, an entry of default judgment is warranted. *See, e.g.*, Evanston at *2; Star Pacific at *1-2.

In this case, Defendants have made clear that they have no intention of securing legal representation. Under the circumstances, Defendants cannot appropriately defend this lawsuit, and, absent an entry of default judgment, Plaintiffs effectively will be denied the ability to timely prosecute their claims. Plaintiffs' Motion for entry of default judgment (**Doc. 53**), therefore, is **GRANTED**.[1]

Consistent with the foregoing, **DEFAULT JUDGMENT** is granted in favor of Plaintiffs, and against Defendants, with respect to liability. Plaintiffs' Motion does not request a damages

---

[1] Although the undersigned questions the degree to which a *Poulis* determination is necessary, the Court also finds entry of default judgment warranted under *Poulis* factors 1 (personal responsibility); 2 (prejudice to the adversary); 4 (willfulness), and 5 (ineffectiveness of alternative sanctions). *See* Harrington v. All American Plazas, Inc., 2010 WL 2710573, *2-3 (D. N.J. Jul. 7, 2010) (holding same). The same is true under the three-factor test regarding entry of default judgment, as applied in Evanston. *Compare id.*, 2010 WL 1213433 at *2 (addressing prejudice to plaintiff, culpability of defendant, and availability of litigable defenses) *with* discussions *supra* (noting wilfulness of Defendants' failure to retain counsel, their inability to appropriately defend this lawsuit, and resulting prejudice to Plaintiffs).

calculation, and one cannot be made without additional proceedings. *See* Pls.' Mot. at ¶ 15 (requesting that "damages . . . be calculated at a later time"); *compare* Compl. (Doc. 1) (asserting product liability and related claims, and requesting unspecified amount in damages) *with* Bank of America, N.A. v. Hewitt, 2009 WL 1635365, *2 (D. N.J. Jun. 10, 2009) ("[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation") (citation to quoted source omitted).

**By August 9, 2010**, Plaintiffs shall file a motion proposing procedures for determining damages under Federal Rule of Civil Procedure 55(b)(2). If Plaintiffs seek a jury determination, they shall identify legal authority demonstrating their entitlement to the same. *Compare id.* (authorizing courts to conduct damages hearings, subject to "any federal statutory right to a jury trial") *with* Compl. (demanding jury trial).[2]

IT IS SO ORDERED.

| | |
|---|---|
| July 26, 2010 | s/Terrence F. McVerry<br>Terrence F. McVerry<br>United States District Judge |

cc (via ECF email notification):

All Counsel of Record

---

[2] If Plaintiffs do not wish to immediately proceed to a damages determination, their counsel may, instead of a motion, file by August 9, 2010, notice (ECF category "Notice (Other)") with the Court proposing an alternative course of action.

cc (via First Class U.S. Mail):

Wyrks Tool & Machine Ltd.
c/o Mr. Scott Wybrow
185 Turnbull Court
Cambridge, Ontario, CANADA N1T 1C6

Kitcam, Inc and Kitcam Investments, Inc.
c/o Mr. Donald Young
185 Turnbull Court
Cambridge, Ontario, CANADA N1T 1C6